**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PENN MARITIME, INC.** | **CIVIL ACTION NO.** |
| **VERSUS** | **NO. 11-2761 "C" (4)** |
| **RHODES ELECTRONIC SERVICES, INC.; RHODES ELECTRONICS, INC.; RHODES SALES & RENTALS, INC.; and NAVICO, INC.** | **HON. HELEN G. BERRIGAN**<br><br>**MAG. KAREN WELLS ROBY** |

**ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, come defendants, Rhodes Electronic Services, Inc., Rhodes Electronics, Inc. and Rhodes Sales & Rentals, Inc. (collectively referred to as "the Rhodes Defendants") and for Answer to the First Amended Complaint of Plaintiff, Penn Maritime, Inc., allege and aver upon information and belief as follows:

**DEFENSES**

Further answering, the Rhodes Defendants aver the following:

**FIRST DEFENSE**

Plaintiff's First Amended Complaint, and certain allegations contained therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The product that forms the basis of this lawsuit was not designed and/or manufactured by the Rhodes Defendants, and therefore, the Rhodes Defendants cannot be held responsible for the design, manufacture, or sale of the product and/or the manuals, instructions, and/or warnings associated therewith.

**THIRD DEFENSE**

The installation and/or servicing performed on the product by the Rhodes Defendants was not defective or unreasonably dangerous, and therefore, the Rhodes Defendants were not negligent with regard to any work, service, or repairs the Rhodes Defendants performed on the product.

**FOURTH DEFENSE**

At the time the product that forms the basis of this lawsuit was sold, the Rhodes Defendants reasonably believed that the product was state of the art and in conformance with all government regulations such that the Rhodes Defendants had no reason to believe that the product was defective or unreasonably dangerous.

**FIFTH DEFENSE**

Any potential dangers relating to the product that forms the basis of this lawsuit were open and obvious to plaintiff and its agents or employees.

**SIXTH DEFENSE**

Plaintiff assumed any and all risks associated with the use of the products that form the subject of this lawsuit.

**SEVENTH DEFENSE**

The product that forms the subject of this suit was misused by plaintiff and by others over whom defendants neither had nor exercised any control.

**EIGHTH DEFENSE**

The product that forms the subject of this lawsuit underwent significant and material alteration after said products left the possession and control of the Rhodes Defendants.

## NINTH DEFENSE

The significant and material alteration of the products that form the subject of this suit was the intervening and superseding cause of any loss sustained by plaintiff.

## TENTH DEFENSE

There is no enforceable contract existing between plaintiffs and the Rhodes Defendants that would provide plaintiff with a cause of action for the alleged loss sued upon.

## ELEVENTH DEFENSE

To the extent an enforceable agreement is proven to have existed between the Rhodes Defendants and plaintiff, the Rhodes Defendants fully performed their obligations under said agreement, and Plaintiff's claims are barred by oral and written disclaimers given at the time of purchase, sale, and/or installation.

## TWELFTH DEFENSE

No enforceable warranty existed in favor of plaintiff for the Rhodes Defendants that would provide plaintiff with a cause of action for the alleged loss herein sued upon.

## THIRTEENTH DEFENSE

Plaintiff, its agents and representatives, employees, contractors, subcontractors and/or its predecessors in interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and the alleged loss if any sustained by plaintiff that was proximately caused and contributed to by the negligence and fault of plaintiff, its agents, representatives, employees, contractors, subcontractors or predecessors in interest.  Said negligence in full bars plaintiff's recovery from the Rhodes Defendants, or comparatively reduces the percentage of fault if any of the Rhodes Defendants.

## FOURTEENTH DEFENSE

Plaintiff's violation of the United States Coast Guard and/or other regulations or laws, including without limitation the Maritime Rules of the Road for COLREGS, plus plaintiff's loss in whole or in part and therefore plaintiff is presumed to be at fault for the collision.

## FIFTEENTH DEFENSE

Plaintiff is liable for its own alleged losses because it knowingly manned its tugboat with an inadequate crew; improperly maintained its tugboat in a seaworthy condition; failed to train its crew in the proper operation and navigation of its vessel; failed to have proper procedures in place to insure that the tugboat's navigation equipment was properly maintained and operated; failed to use the product which forms the basis of this lawsuit in the manner for which it was designed; violated various safety statutes and regulations.  Each of these actions was a cause of the plaintiff's alleged damages and therefore plaintiff cannot recover from its alleged damages from the Rhodes Defendants.

## SIXTEENTH DEFENSE

In the event that judgment is rendered against the Rhodes Defendants for liability arising out of the claims asserted in plaintiff's First Amended Complaint, which is expressly denied, said judgment must be reduced by the percentage of fault attributable to plaintiff, its agents, representatives, employees, contractors, subcontractors or predecessors in interest.

## SEVENTEENTH DEFENSE

Plaintiff's claim is barred by laches, prescription, preemption and/or the applicable statutes of limitation.

## EIGHTEENTH DEFENSE

Any allegations not specifically admitted are hereby denied; furthermore, the Rhodes defendants specifically reserve their right to amend their answer as further discovery is obtained.

- 4 -

## NINETEENTH DEFENSE

NOW, answering specifically the numbered paragraphs of the First Amended Complaint, the Rhodes defendants respond as follows:

1.

The allegations contained in paragraph 1 of the First Amended Complaint require no response from the Rhodes Defendants.  To the extent an Answer is required, the Rhodes Defendants admit the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2.

The Rhodes Defendants admit the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3.

Except to deny that Rhodes Electronic Services, Inc. was engaged in business as a dealer of electronic marine navigation equipment, the Rhodes Defendants admit the truth of the allegations contained in paragraph 3 of the First Amended Complaint.

4.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 4 of the First Amended Complaint.

5.

Except to deny that Rhodes Sales & Rentals, Inc. was a servicer of electronic marine navigation equipment, the Rhodes Defendants admit the truth of the allegations contained in paragraph 5 of the First Amended Complaint.

6.

The allegations contained in paragraph 6 of the First Amended Complaint require no response from the Rhodes Defendants.

7.

The allegations contained in paragraph 7 of the First Amended Complaint require no response from the Rhodes Defendants; however, to the extent a response is required, the allegations are denied for lack of information.

8.

The allegations contained in paragraph 8 of the First Amended Complaint require no response from the Rhodes Defendants; however, to the extent a response is required, the allegations are denied for lack of information.

9.

The allegations contained in paragraph 9 of the First Amended Complaint require no response from the Rhodes Defendants; however, to the extent a response is required, the allegations are denied for lack of information.

10.

The Rhodes Defendants admit the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11.

The Rhodes Defendants admit the truth of the allegations contained in paragraph 11 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

12.

Except to admit that on November 5, 2010, the BLUEFIN was proceeding northbound on the Delaware River, the Rhodes Defendants deny the truth of the remaining allegations contained in paragraph 12 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

13.

Except to admit that the ATB OSG CONSTITUTION/OSG 400 was proceeding southbound in the Delaware River, the Rhodes Defendants deny the truth of the allegations contained in paragraph 13 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

14.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 14 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

15.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 15 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

16.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 16 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

17.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 17 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

18.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 18 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

19.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 19 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

20.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 20 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

21.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 21 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

22.

The Rhodes Defendants repeat and re-allege each of their answers, denials and admissions as set forth in paragraphs 1 through 21 as if set forth herein *in extenso*.

23.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 23 of the First Amended Complaint.

24.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 24 of the First Amended Complaint.

25.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 25 of the First Amended Complaint.

26.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 26 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

27.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 27 of the First Amended Complaint.

28.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 28 of the First Amended Complaint.

29.

The Rhodes Defendants repeat and re-allege each of their answers, denials and admissions as set forth in paragraphs 1 through 28 as if set forth herein *in extenso*.

30.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 30 of the First Amended Complaint.

31.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 31 of the First Amended Complaint.

32.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 32 of the First Amended Complaint.

33.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 33 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

34.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 34 of the First Amended Complaint.

35.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 35 of the First Amended Complaint.

36.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 35 as if set forth herein *in extenso.*

37.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 37 of the First Amended Complaint.

38.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 38 of the First Amended Complaint.

39.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 39 of the First Amended Complaint for lack of information or knowledge sufficient to justify a belief therein.

40.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 40 of the First Amended Complaint.

41.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 41 of the First Amended Complaint.

42.

The repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 41 as if set forth herein *in extenso*.

43.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 43 of the First Amended Complaint.

44.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 44 of the First Amended Complaint.

45.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 44 as if set forth herein *in extenso*.

46.

The allegations contained in paragraph 46 of the First Amended Complaint require no response from the Rhodes Defendants.

47.

The allegations contained in paragraph 47 of the First Amended Complaint require no response from the Rhodes Defendants.

48.

The allegations contained in paragraph 48 of the First Amended Complaint require no response from the Rhodes Defendants.

49.

The allegations contained in paragraph 49 of the First Amended Complaint require no response from the Rhodes Defendants.

50.

The allegations contained in paragraph 50 of the First Amended Complaint require no response from the Rhodes Defendants.

51.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 50 as if set forth herein *in extenso*.

52.

The allegations contained in paragraph 52 of the First Amended Complaint require no response from the Rhodes Defendants.

53.

The allegations contained in paragraph 53 of the First Amended Complaint require no response from the Rhodes Defendants.

54.

The allegations contained in paragraph 54 of the First Amended Complaint require no response from the Rhodes Defendants.

55.

The allegations contained in paragraph 55 of the First Amended Complaint require no response from the Rhodes Defendants.

56.

The allegations contained in paragraph 56 of the First Amended Complaint require no response from the Rhodes Defendants.

57.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 56 as if set forth herein *in extenso*.

58.

The Rhodes Defendants deny the truth of the allegations contained in paragraph 58 of the First Amended Complaint.

59.

The allegations contained in paragraph 59 of the First Amended Complaint require no response from the Rhodes Defendants.

60.

The allegations contained in paragraph 60 of the First Amended Complaint require no response from the Rhodes Defendants.

61.

The allegations contained in paragraph 61 of the First Amended Complaint require no response from the Rhodes Defendants.

62.

The allegations contained in paragraph 62 of the First Amended Complaint require no response from the Rhodes Defendants.

63.

The allegations contained in paragraph 63 of the First Amended Complaint require no response from the Rhodes Defendants.

64.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 63 as if set forth herein *in extenso*.

65.

The allegations contained in paragraph 65 of the First Amended Complaint require no response from the Rhodes Defendants.

66.

The allegations contained in paragraph 66 of the First Amended Complaint require no response from the Rhodes Defendants.

67.

The Rhodes Defendants repeat and reallege each and every response, denial and admission set forth in paragraphs 1 through 65 as if set forth herein *in extenso*.

68.

The allegations contained in paragraph 68 of the First Amended Complaint require no response from the Rhodes Defendants.

69.

The allegations contained in paragraph 69 of the First Amended Complaint require no response from the Rhodes Defendants.

70.

The allegations contained in paragraph 70 of the First Amended Complaint require no response from the Rhodes Defendants.

WHEREFORE, the premises considered, defendants Rhodes Electronic Services, Inc., Rhodes Electronics, Inc. and Rhodes Sales & Rentals, Inc. pray that this, their Answer and Defenses, be deemed good and sufficient and that after due proceedings had, there be judgment in their favor and against plaintiff, dismissing the First Amended Complaint at plaintiff's costs, and for all general and equitable relief.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   _/s/ Thomas Kent Morrison_
          T. Kent Morrison (#25802)
          Raymond T. Waid (#31351)
          2000 Canal Place | 365 Canal Street
          New Orleans, Louisiana 70130-6534
          Telephone: 504-566-1311
          Telecopier: 504-568-9130
          morrisok@phelps.com; waidr@phelps.com

          ATTORNEYS FOR RHODES ELECTRONIC
          SERVICES, INC., RHODES ELECTRONICS,
          INC. AND RHODES SALES & RENTALS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of March, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Thomas Kent Morrison*

Thomas Kent Morrison
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA  70130-6534

- 16 -