UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENN MARITIME, INC.** | **CIVIL ACTION NO.** |
| **VERSUS** | **NO. 11-2761 "C" (4)** |
| **RHODES ELECTRONIC SERVICES, INC.; RHODES ELECTRONICS, INC.; RHODES SALES & RENTALS, INC.; and NAVICO, INC.** | **HON. HELEN G. BERRIGAN** |
| | **MAG. KAREN WELLS ROBY** |

### OPPOSITION TO MOTION TO TRANSFER

**NOW COME** defendants, Rhodes Electronic Services, Inc., Rhodes Electronics, Inc. and Rhodes Sales & Rentals, Inc. (collectively referred to as "the Rhodes Defendants") and oppose the Motion to Transfer Venue of OSG 400 and OSG Constitution's ("OSG") for the reasons more fully set forth below.

From the outset, it is important to note that OSG has not moved to dismiss for lack of personal jurisdiction. Instead, they have only moved to sever and transfer. Accordingly, while much of OSG's argument in support of its motion is devoted to personal jurisdiction issues, the only issue before this Honorable Court is whether it should sever the claims against OSG and transfer them to the Eastern District of Pennsylvania. OSG's request would result in two separate tracks for this collision litigation – one in Louisiana and one in Pennsylvania. This duplication would increase the expense for the litigants, and waste judicial resources. Because the private and public factors overwhelmingly weigh against transfer, the Court should deny OSG's motion.

When analyzing a motion to transfer, "the preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir.2008). Here, that question would be whether or not this suit could have been brought in the Eastern District of Pennsylvania. In this case, that forum would be appropriate because that is the location of the collision. However, the other factors point to the Eastern District of Louisiana as an appropriate venue, and urge against transfer.

When determining between two available forums, the court must consider the convenience of the parties and witnesses and balance public and private factors to determine whether the transfer would be more just. *Id*. at 314-316. The private interest factors are: (1) the plaintiff's choice of forum; (2) the *situs* of material events; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if the court grants the transfer. However, taking all the factors together, unless they balance heavily in favor of the movant – OSG – the Plaintiff's choice of forum should rarely be disturbed.

The private interest factors overwhelmingly point to maintaining venue in the Eastern District of Louisiana. First, the plaintiff, Penn Maritime, Inc., has selected this forum as the best to litigate its claims against numerous defendants. While Penn's choice of forum is not decisive, a plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party. *Columbia Energy Services Corp. v. TDC Energy Corp.*, F.Supp.2d, 2002 WL 272382 at *2 (E.D.La.2002). *See also*, *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be

changed."). Because the other private and public factors do not support transfer, the Court should not disturb plaintiff's choice of venue.

Second, the situs of the collision was on a navigable body of water, the Delaware River. The witnesses to the casualty are seamen. Third, there is nothing in the record that suggests the witnesses reside in or near Pennsylvania. Similarly, there is nothing that suggests that litigation in the Eastern District of Louisiana will be more costly than in Pennsylvania. Fourth, there are numerous claims in this case, and each one has a different location of the alleged wrong. While OSG's navigational error took place on the Delaware River, any allegation of lack of training or negligence in making its vessel seaworthy that Penn maintains against OSG obviously took place prior to the collision, and in a different location.

Fifth, all of the defendants in this case have been properly served and are here in this Court. The Rhodes defendants are small southeastern Louisiana companies that are not subject to personal jurisdiction in Pennsylvania. Thus, OSG's request for severance is a request to double the time and expense for this collision case. Severance will result in two separate cases proceeding in two different federal courts, hundreds of miles from one another. This duplication will unnecessarily waste judicial resources, and result in the potential for conflicting determinations of fact and law.

In addition to the issue of judicial economy, the court must also consider several specific public interest factors. The public interest factors are: (1) the administrative difficulties resulting from court congestion; (2) the relationship to the community from which jurors will be drawn to the litigation; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. See, *e.g., Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Sanders v. Seal Fleet, Inc.*, 998 F.Supp. 729, 738 (E.D.Tex.1998); *Peters v. Milton Hall Surgical*

*Associates, L.L.C.*, 2003 WL 22174274 at *2 (E.D.La.2003); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004).

In this case, the public factors do not support transferring venue.  First, there are no administrative difficulties resulting from court congestion in this Court.  This Court has acknowledged that the Eastern District of Louisiana moves its docket "expeditiously" and previous rulings have deemed the docket "not congested." See, e.g., *Alford Safety Services, Inc. v. Hot-Hed, Inc*., 2010 WL 348233 *11 (E.D.La. 2010);  *Martin v. National R.R. Passenger Corp*., F.Supp.2d, 2003 WL 328311 at *2 (E.D.La. 2003); *Holmes v. Warrior & Gulf Navigation Co*., F.Supp.2d, 2004 WL 1774615 at *5 (E.D.La. 2004).  In fact, the competency and efficiency of the Eastern District of Louisiana's judges and staff have been recognized by the selection of this Court to serve as the home of numerous high profile multi-district litigation cases.  There are no administrative difficulties arising from court congestion in the Eastern District of Louisiana.

Second, this admiralty case will be decided by the Honorable Judge Berrigan, and therefore the local juror community is not a basis for venue transfer. Third, the issue of localized interest is neither in favor of transfer, nor in selection of this venue.  This is a maritime dispute where the parties are from diverse locations and the various allegations of fault took place at several different locations.  Fourth, choice of law does not weigh in favor of a venue transfer. The law applied in this case is uniform throughout the federal courts - general maritime law.  The court in Pennsylvania has no better grasp of the general maritime law than this Court, which regularly decides maritime cases such as this one.

Defendants Rhodes Electronic Services, Inc., Rhodes Electronics, Inc. and Rhodes Sales & Rentals, Inc. accordingly request that this Court deny the motion to sever and transfer venue.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Raymond T. Waid*
T. Kent Morrison (#25802)
Raymond T. Waid (#31351)
2000 Canal Place | 365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
morrisok@phelps.com; waidr@phelps.com

ATTORNEYS FOR RHODES ELECTRONIC SERVICES, INC., RHODES ELECTRONICS, INC. AND RHODES SALES & RENTALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Raymond T. Waid*
Raymond T. Waid
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA  70130-6534