UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENN MARITIME, INC.,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-02761** |
| **RHODES ELECTRONIC SERVICES, INC.;** <br> **RHODES ELECTRONICS, INC.; RHODES** <br> **SALES & RENTALS, INC.; and NAVICO, INC** | **SECTION "C" (1)** |

## ORDER & REASONS[1]

Before the Court is the following 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim Upon which Relief Can Be Granted ("Motion to Dismiss") by Defendant Navico, Inc. ("Defendant"). Based on the memoranda of counsel, the record, and the law, the Court DENIES the motion.

## BACKGROUND

The following facts of this case are undisputed. In 2010, Penn Maritime, Inc. ("Plaintiff") purchased a navigation system, including an Autopilot function, designed and manufactured by Defendant that was installed on the Plaintiff's vessel, the ATB Bluefin/Penn

---

[1] John Schinasi, a second year student at Tulane University Law School, assisted in the preparation of this Order & Reasons.

1

NO. 80 ("Bluefin"), by a third party. (Rec. Doc. 42-2 at 2). On the evening of November 5, 2010, the Bluefin was traveling northbound on the right side of the Delaware River. (Rec. Doc. 1 at 3). Headed southbound on the other side of the river was another vessel – the ATB OSG Constitution/OSG 400 ("Constitution") – less than one nautical mile away from the Bluefin. *Id.* After negotiating a bend in the river by hand steering, the captain of the Bluefin, Capt. John Edvardsen, engaged the Autopilot. *Id.* Immediately after engaging the Autopilot, Capt. Edvardsen noticed the rudder angle shift dramatically to port, steering the Bluefin directly towards the Constitution. *Id.* at 4. Capt. Edvardsen then disengaged the Autopilot and attempted to manually correct the Bluefin's course but was unable to prevent a serious collision between the Bluefin and the Constitution. *Id.* Both ships sustained serious damage from the collision and this suit followed. (*See* Rec. Doc. 1). The Defendant now submits a motion to dismiss three of four claims made against it by the Plaintiff under Rule 12(b)(6), claiming that the Louisiana Products Liabilities Act ("LPLA") applies and excludes Plaintiff's claims of negligence, breach of contract and indemnity and contribution. (Rec. Doc. 42).

## **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint that fails to state a claim upon which relief may be granted. In determining whether a dismissal is appropriate, the Court must decide whether the facts alleged, if true, would entitle plaintiff to some sort of legal remedy. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir.2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994).

"The purpose of a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the complaint, not to judge the merits of the case."

*First National Bank of Louisville v. Lustig*, 809 F. Supp 444, 446 (E.D.La .1992). Dismissal is appropriate only if the district court could not afford relief to the plaintiff under any set of facts consistent with the allegations in the complaint. *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir.1996) (citing *American Waste & Pollution Control Co. v. Browning–Ferris*, 949 F.2d 1384, 1386 (5th Cir.1991)). Furthermore, in Westfall, the Court stated that in viewing the facts in favor of the plaintiff, the Court need not strain to find inferences favorable to the plaintiff but also acknowledged that the plaintiff is entitled to all inferences that surface from a fair and reasonable reading of the pleadings. *Id.* The court also need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards Inc.*, 677 F.2d 1045, 1046 (5th Cir.1982).

## **LAW AND ANALYSIS**

Defendant claims that three of the claims against it – for negligence, breach of contract and warranty, and indemnity and contribution – are not claims upon which relief could be granted under the applicable law. Therefore the precise issue on this motion is what exactly the applicable law is: the Louisiana rule, as described in the LPLA, or the federal rule, taken from the Second Restatement of Torts ("the Restatement"). Restatement (Second) of Torts § 402A (1965). If the LPLA alone is the governing law, then the court must dismiss the claims, as the act states "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." La. Rev. Stat. Ann. § 9:2800.52. However, the Restatement makes no such limitation on a plaintiff's ability to recover damages; therefore, its application would defeat Defendant's Motion to Dismiss. Restatement (Second) of Torts § 402A (1965).

3

Cases involving damage to marine vessels due to malfunctioning steering mechanisms fall within admiralty jurisdiction. *Sperry Rand Corp. V. Radio Corp. Of America*, 618 F.2d 319 (5th Cir. 1980). While the Fifth Circuit has not ruled definitively on the issue, other Circuits have relied upon the Restatement for maritime products liability cases. *Hebert v. Outboard Marine Corp.*, 638 F.Supp. 1166, 1170 (E.D. La. 1986) (listing six other circuits that have favored applying the Second Restatement of Torts to maritime products liability cases). This district has held that the LPLA can be applied to maritime torts cases. *Id.* However, it has also narrowed this application by holding that the LPLA can only be used when it does not contradict the Restatement. *Transco Syndicate #1, Ltd. v. Bollinger Shipyards, Inc.*, 1 F.Supp.2d. 608, 614 (E.D. La. 1998).

Here, the Defendant's motion to dismiss fails because it presents no authority that indicates that this Court must apply the LPLA and thus exclude Plaintiff's challenged claims. The primary case upon which the Defendant relies merely says that, as long as the LPLA and the Restatement do not contradict each other, a court can *choose* to apply the LPLA. *Hebert*, 638 F.Supp. at 1170. Nowhere does that opinion, or any other case law, say that this Court is compelled to do so; it is merely permissive language. This district has also discussed when application of the LPLA is prohibited in favor of the Restatement. *Transco*, 1 F.Supp.2d. at 614. The court in *Transco* denied the application of LPLA on a motion for summary judgment with the aim of "further[ing] the federal interest in establishing uniform rules of maritime law." This Court agrees.

Because dismissal is "appropriate only if the district court could not afford relief to the plaintiff under any set of facts consistent with the allegations in the complaint," it would be

4

inappropriate here as Plaintiff would be able to gain relief under the Restatement, given the facts presented, for all claims. *Westfall v. Miller*, 77 F.3d 868, 870 (5th Cir.1996) (citing *American Waste & Pollution Control Co. v. Browning–Ferris*, 949 F.2d 1384, 1386 (5th Cir.1991)).

Accordingly,

IT IS ORDERED that the Defendant's 12(b)(6) Motion for Partial Dismissal for Failure to State a Claim upon which Relief can be Granted is DENIED.

New Orleans, Louisiana, this 24th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**