UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------------X

PENN MARITIME, INC.

                Plaintiff,

-against -

RHODES ELECTRONIC SERVICES, INC.;
RHODES ELECTRONICS, INC.; RHODES
SALES & RENTALS, INC.; NAVICO, INC.;
OSG CONSTITUTION, LLC; OSG 400, LLC; and
OSG SHIP MANGEMENT., INC.,

                Defendants.

---------------------------------------------------------------------X

CIVIL ACTION

NO. 11 cv 2761
SECTION "C" (4)

Hon. Helen G. Berrigan
Mag. Judge Karen Wells Roby

**PLAINTIFF PENN MARITIME, INC.'S MEMORANDUM IN OPPOSITION TO OSG CONSTITUTION LLC'S, OSG 400 LLC'S, AND OSG SHIP MANAGEMENT, INC.'S MOTION TO SEVER AND TRANSFER**

NOW COMES plaintiff Penn Maritime, Inc. ("Penn") and opposes the Motion of defendants OSG 400 LLC, OSG Constitution LLC and OSG Ship Management, Inc. ("OSG") to Sever and Transfer Venue to the United States District Court for the Eastern District of Pennsylvania at Philadelphia for the reasons more fully set forth below. The Philadelphia action was filed on March 8, 2012. This action against OSG was filed on February 16, 2012 (Doc. No. 24). This action is first-filed.

<u>Summary of Argument</u>

The OSG vessels involved in the collision, the Barge OSG 400 and the Tug OSG Constitution, were operated and managed by OSG Ship Management, Inc. of Tampa, Florida. OSG Ship Management, Inc. operates and manages 7 other tugs and barges operating in the Gulf

of Mexico and Louisiana waters. At least two of these vessels recently were in the waters of this jurisdiction. (See Affidavit of James M. Kenny, filed herewith, paragraph 8, Exhibits 3 and 4, thereto.) (Indeed, it is hard to imagine any Gulf fleet not entering the waters around New Orleans.) Therefore, OSG Ship Management, Inc. is a proper party defendant in this action and is subject to the Court's jurisdiction.

OSG Ship Management, Inc. is the operator of the vessels in OSG's Delaware River Lightering Fleet and its Gulf Fleet. OSG Ship Management, Inc. ordered the repairs arising from the collision, employed the crew, dispatched the vessels and set the rates for the use of the vessel. OSG Ship Management, Inc. employed the crewmembers who it is alleged negligently navigated the vessel. The operation of the vessels was an OSG Ship Management, Inc. enterprise. (See Kenny Affidavit, ibid., paragraphs 9, 10, 11 and 12 and exhibits thereto.)

The convenience of witnesses and the interests of judicial economy dictate that the case proceed in Louisiana rather than Pennsylvania. A potential cause of the collision is the Tug Bluefin's autopilot, which was installed in Louisiana. A situs of the material events is, thus, Louisiana. The crewmember witnesses of both vessels do not reside in Philadelphia. The OSG vessels are operated from Tampa, Florida, not Philadelphia. The OSG defendants will not be prejudiced by the case proceeding in Louisiana since the plaintiff's liability underwriter has agreed to post the same Letter of Undertaking in Louisiana as it did in Pennsylvania.

## The Applicable First-Filed Standard

"[The Fifth] Circuit has recognized and applied [**27] these comity principles that underlie the first-filed rule. Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 403 (5th Cir. 1971). In Mann, we held that the court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions, id., 408." West Gulf Maritime Association

v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA, 751 F.2d 721, 731 (5th Cir. 1985)

## OSG Ship Management, Inc. is the enterprise that controlled the operation of the OSG vessels, the Barge 400 and the Tug Constitution.

At the time of the collision, the involved OSG vessels, the Barge OSG 400 and the Tug Constitution, were employed in the Delaware River Lighterage Operation which was managed from Tampa, Florida by Michael T. Wardwell of OSG Ship Management, Inc. (Exhibit 1, annexed to James M. Kenny, Esq. Affidavit in Opposition, dated August 7, 2012.) OSG Ship Management, Inc. provides commercial technical and administrative services to the OSG companies. (See Kenny Affidavit, paragraph 9.) OSG Ship Management, Inc. employed the vessels crewmembers. (See Kenny Affidavit, paragraph 12, and Alomari v. Overseas Shipholding, Inc. and OSG Bulk Ships, Inc., 2011 U.S. Dist. Lexis 1319, *2.) As a result, OSG Ship Management, Inc. is responsible for their alleged navigational errors which were a cause of the collision. (See Second Amended Complaint, Doc. No. 67, p. 13, paragraphs 69-70.) OSG Ship Management, Inc. ordered the collision repairs to the OSG Barge 400 (See Kenny Affidavit, paragraph 11.) OSG's website describes OSG Ship Management, Inc. as the operator if its vessels. (Kenny Affidavit, paragraph 10.) The conclusion which must be reached is that OSG Ship Management, Inc. exercised such control over the vessel's operation and crew that the operation the vessels was the enterprise of OSG Ship Management, Inc. See Crown Central Petroleum Corp. v. Cosmopolitan Shipping Co., Inc., 1979 AMC 1654 (2Cir. 1979.) As a result, the proper party defendant is OSG Ship Management, Inc. That defendant is not present as a party plaintiff in the Philadelphia action but is present in this case.

### OSG 400, LLC and OSG Constitution, LLC, both Ship Owning Corporations are Straw Men. The Proper Party Defendant and Real Party in Interest is OSG Ship Management, Inc.

The defendant OSG Constitution, LLC and OSG 400, LLC are the registered owners of the articulated Tug Constitution and non-self-propelled Barge OSG 400, respectively. Separate corporate ownership for barges is a well-known method of limiting legal liability in the marine transportation business pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 181-185, which generally limits liability to the value of the shipowner's vessel and the pending freight in a collision case. See Admiralty and Maritime Law (Fourth Ed.) by Thomas Schoenbaum, Chapter 13-1.

In this collision case, Penn's claim of negligent operation against the barge OSG 400, also, obviously involves as a necessary party the defendant OSG Constitution, LLC, the owner of the tug Constitution, which powered the barge. Less obviously, but a likewise necessary party is OSG Ship Management, Inc., the vessel operating company which provided the crew of the tug and barge and managed the operation of the OSG vessels. OSG Ship Management, Inc. ordered the repairs of the Barge OSG 400. OSG 400 LLC and OSG Constitution have no employees and files, upon information and belief, consolidated tax returns with OSG Ship Management, Inc. OSG Ship Management, Inc. is the enterprise which controlled the operation of the vessels on the collision date.

### The Collision Did Not Occur In Pennsylvania Waters

This action arises out of a collision on November 5, 2010, of the Penn barge 80, powered by ATB Bluefin, and the OSG Barge 400, powered by the ATB Constitution, in the Delaware River in waters bounded by New Jersey and Delaware. According to a United States Coast

4

Guard Report of Investigation of this collision ("Report of Investigation") (copy annexed as Exhibit 1 to Affidavit of James M. Kenny), received from the Coast Guard on June 1, 2011, Section II. Executive Summary:

> On 11/05/2010 at approximately 2135, the Tug Bluefin was inbound <u>Delaware River IVO Artificial Island, Baker Range buoy 3B</u> with the barge PENN No. 80 in tow loaded with #6 oil. Also, the Tug OSG CONSTITUTION was outbound Delaware River, same location, with the empty barge OSG 400 in tow. Both vessels were in their own lane on reciprocal courses between 300 and 500 feet apart. (Emphasis added.)

The collision did not occur in Pennsylvania waters. (There was no oil pollution resulting.) The collision occurred in the Delaware River south of Wilmington, Delaware in the Baker Range area of Reedy Point and Artificial Island. This area off Salem, New Jersey is either Delaware or New Jersey waters. (See U.S. Army Corps. of Engineers Chart, Exhibit 5, annexed hereto.)

### The Reason The Action Was Brought In Louisiana, Not Pennsylvania

On November 23, 2010, Penn's protection and indemnity underwriter The North of England Protection and Indemnity Association, Limited, agreed in a Letter of Undertaking ("LOU") to file an appearance on behalf of the owners (Penn) of the Tug Bluefin in an action filed in the United States District Court for the Eastern District of Pennsylvania arising from the collision. With regard to the origin of the case in the United States District Court for the Eastern District of Louisiana, the Complaint was brought at the instance of Penn's subrogated hull underwriter for the recovery of payments made by that underwriter to Penn for the repairs made to the Penn barge arising from the collision. The reason that the subrogated underwriter insisted that the action be brought in New Orleans was the fact that the automatic pilot which allegedly played the major role in this collision was installed in Louisiana on the Tug Bluefin in July 2010

5

as part of a new construction at Thoma-Sea Shipbuilders, Lockport, Louisiana. The automatic pilot was manufactured by Navico, Inc. ("Navico") and installed by Rhodes Electronic Services, Inc. ("Rhodes") of Houma, Louisiana at Thomas-Sea Shipbuilding, Lockport, Louisiana. Louisiana has a one year statute of limitations with respect to dereliction actions sounding in negligence and product liability. See La. CC. 3492. (The attorney for Penn attempted to have the case brought in Pennsylvania, but it was the decision of the attorneys for the subrogated underwriter which drafted and finalized the original Complaint that the case would be brought in Louisiana.)

Thereafter, James M. Kenny on January 6, 2012 was admitted *pro hac vice* in the case and upon agreement between the subrogated underwriter and Penn it was agreed that Mr. Kenny would serve as trial counsel with respect to the case.

On February 16, 2012, given the fact that the case was now in pre-trial proceedings in the United States District Court for the Eastern District of Louisiana, Penn believed that case could best proceed against all parties in the United States District Court for the Eastern District of Louisiana and Penn moved this Court to file the Amended Complaint asserting claims arising from the collision against OSG and Maritrans Business Services Co., Inc.

### Penn did not violate the terms of the Letter of Undertaking ("LOU") when this action was brought.

This action was initially brought by the subrogated underwriter, Allianz, to recover for insurance proceeds paid to repair the Barge Penn No. 80 for collision damage. Although Penn was the nominal party plaintiff, the real party in interest was Allianz, the subrogated hull underwriter. See Fed.R.Civ.P. 15. It is well settled that a maritime insurer, which has paid its insured the amount of a loss, becomes subrogated in a corresponding amount to the insured's

cause of action against the party causing the loss and may pursue its claim against such party in either its own name or that of the insured. Americas Ins. Co. v. Seagull Compania Naviera, S.A., 774 F.2d 64, 66 (2d Cir. 1985) (citing Gilmore and Black, The Law of Admiralty 91 (2d ed. 1975)); see also, Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 1996 AMC 1566, 1571-1572 (5th Cir. 1996). (Not reported elsewhere.)

Contrary to OSG's argument the filing of this action did not violate the terms of the LOU. The subrogated underwriter is a distinct real party in interest to Penn and was not a signatory to the LOU.

### Penn's P&I Underwriter Will Amend The Letter of Undertaking To Provide Security In The Louisiana Action

The connection of the case to the United States District Court for the Eastern District of Pennsylvania is a Letter of Undertaking ("LOU") which was issued by Penn's protection and indemnity underwriter, North of England Mutual Assurance Co. The LOU was given as a concession to the attorneys for OSG, Palmer Biezup & Henderson, LLP, which practices and has offices in the City of Philadelphia, Pennsylvania. At the outset of this opposition, Penn states that its underwriter has agreed to post the same LOU in the action brought in the United States District Court for the Eastern District of Louisiana. A written proposal to that effect was sent to the Philadelphia attorneys for OSG, Palmer Biezup & Henderson, LLP, on April 16, 2012. (See Exhibit 3 to the Affidavit of James M. Kenny.)

### Louisiana Is The Most Convenient Forum

At the time that the LOU was entered into, Penn did not have all of the facts giving rise to the collision. Thereafter, in May 2011, the Report of Investigation was issued by the Coast

Guard regarding the casualty. That investigation reveals that the automatic pilot of the Bluefin malfunctioned around the time of the collision. The Executive Summary of the Report of Investigation provides, in part, as follows (see Exhibit 1, p. 2, Affidavit of James M. Kenny):

> The master of the Bluefin, having just steadied up on his desired course, engaged the autopilot. <u>Immediately after being engaged, the autopilot veered</u> hard to port (45 degrees over) and the barge PENN No. 80 collided, port bow to port side, with the OSG 400 at between a 35 and 55 degree angle. (Emphasis added.)

\* \* \*

> Following the casualty, the servicing technician's report for the Simrad AP50 Plus System <u>autopilot installed on the BLUEFIN showed a number of system parameters were not set properly</u>. (Emphasis added.) (See Affidavit of James M. Kenny, Exhibit 1, Report of Investigation, p. 3.)

Since the installation in Louisiana of the automatic pilot by the employees of Rhodes was in Louisiana, we believe that the matter should proceed for convenience of the Rhodes witnesses and the Navico witnesses in Louisiana. Furthermore, the crewmembers of the Bluefin who could have knowledge of the facts giving rise to this collision reside, like most seamen, in various parts of the United States. The crewmen on all the vessels (Penn and OSG) live on the vessels for 2-3 weeks and reside throughout the United States. The places of the residence of the Penn crewmen who on board the Penn vessels at the time of the collision are as follows:

1. Captain John Edvardsen – Point Pleasant, New Jersey
2. Mate Mike J. Washburn – Somerset, Kentucky
3. Mate Earl Grey III Webb – Talahassee, Florida
4. Engineer Robert Albers – Jacksonville, Florida
5. Tankerman Kenneth Womack – Rayville, Louisiana
6. Tankerman Gary Sharp -- Windsor, Virginia

7. Tankerman Wayne Wooten – Greenbay, Virginia

It is suggested that OSG should be ordered to produce the names of its witnesses and their addresses and they will reveal that they do not reside within the Eastern District of Pennsylvania.

The operating company for the OSG 400 was OSG Ship Management, Inc. of Tampa, Florida. The branch of OSG Ship Management, the Delaware River Lighterage Service, is managed from OSG Ship Management's Tampa, Florida office. OSG Ship Management, Inc. operates seven other tug and barge in the Gulf of Mexico and Eastern District of Louisiana waters (see moving Affidavit of James M. Kenny, paragraph __).

When determining between two available forums, the court must consider the convenience of parties and witnesses and balance public and private factors to determine whether the transfer would be more just. In re Volkswagen of America, Inc., 545 F.3d 304, 314-316. The private interest factors are: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if the court grants the transfer. However, taking all the factors together, unless they balance heavily in favor of the movant – OSG – the plaintiff's choice of forum should rarely be disturbed.

## Conclusion

The case should not be severed or transferred.

Dated: New Orleans, Louisiana
August 7, 2012

/s/ Edward S. Johnson
_____
EDWARD S. JOHNSON (#07289)
**JOHNSON, JOHNSON, BARRIOS & YACOUBIAN**
701 Poydras Street, Suite 4700
New Orleans, LA 70139
Telephone: (504) 528-3001
Facsimile: (504) 528-3030

and

/s/ James M. Kenny
_____
JAMES M. KENNY
admitted *pro hac vice*
**Kenny & Zonghetti, LLC**
26 Broadway
New York, New York 10004
(212) 422-6111
jkenny@kszlaw.com

*Attorneys for Plaintiff Penn Maritime, Inc.*