UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PENN MARITIME, INC.                          CIVIL ACTION

VERSUS                                       NO. 11-2761

RHODES ELECTRONIC SERVICES, INC.,            SECTION "C"(4)
ET AL.

ORDER AND REASONS

The above-captioned matter concerns the collision of plaintiff's articulated tug barge, the

BLUEFIN/PENN No. 80, with another articulated tug barge, the OSG CONSTITUTION on the

Delaware River on November 5, 2010. Plaintiff instituted this action to recover for the negligent

installation, calibration, and programming of the BLUEFIN's autopilot system by defendants

Rhodes Electronic Services, Rhodes Electronics, Inc., and Rhodes Sales & Rentals, Inc. Rec.

Doc. 121. It further claimed against defendant Navico in a cause of action sounding in products

liability, negligence, and breach of warranty for defects in the design and manufacture of the

BLUEFIN's autopilot system. *Id.*

Before the Court is defendant Navico's Motion for Summary Judgment. Rec. Doc. 151.

In it, Navico argues that plaintiff cannot establish through competent evidence, that the

BLUEFIN's collision was caused by a specific defect in its autopilot that existed when it left

Navico's custody. This fact, they argue, is fatal to all three theories of liability asserted against it.

Plaintiff has not opposed this motion. It moved to continue hearing on this motion to

allow further factual development at the deposition of a Navico witness. Rec. Doc. 156. The

Court granted this motion, Rec. Doc. 158, whereupon plaintiff attempted to advise the Court via letter that it had no opposition to Navico's motion but wished to "discontinue" its action against Navico, rather than have the Court adjudicate the motion for summary judgment. Rec. Doc. 162. Plaintiff has not followed the proper procedure for voluntary dismissal. Moreover, assuming that it had, this Court would have no basis to forgo resolution of Navico's motion, which was filed before any request to voluntarily dismiss these claims.

On a motion for summary judgment, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253.

Navico has clearly surmounted the initial burden in this case by establishing the need for plaintiff to prove the existence of a defect or unreasonably dangerous condition in its product when it left Navico's control in order to sustain any of its claims against Navico, *see* 1 Admiralty & Mar. Law § 5-6 (5th Ed.), and pointing to evidence tending to demonstrate plaintiff's inability to make such a showing. Because plaintiff has failed to designate portions of evidence showing a genuine issue of fact for trial, Navico is entitled to summary judgment. The Court does not reach the hypothetical question of causation raised in Navico's motion, which had assumed plaintiff's ability to demonstrate the defect that it alleged in Navico's autopilot.

Accordingly,

IT IS ORDERED that Navico's motion for summary judgment is GRANTED. Rec. Doc.

151. Navico or plaintiff may move separately for the entry of partial judgment dismissing

plaintiff's claims against Navico with prejudice, pursuant to Rule 54(b).

New Orleans, Louisiana, this 24th day of April 2014.


HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE